**Ruthena BARCUS, Plaintiff–Appellant,**

v.

**NEW YORK CITY ADMINISTRATION for Children's Services, Defendant–Appellee.**

No. 03–9249.

United States Court of Appeals, Second Circuit.

June 22, 2005.

Ruthena Barcus, East Elmhurst, NY, for Appellant, pro se.

Susan Choi–Hausman, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel for the City of New York, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, CARDAMONE, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Ruthena Barcus appeals from the September 30, 2003, judgment of the district court granting summary judgment in favor of defendant-appellee New York City Administration for Children's Services ("ACS") and dismissing Barcus's complaint alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. Barcus has also filed motions seeking reimbursement for expenses related to this appeal, reversal of the district court's order that its opinion in this case not be published, and in opposition to appellee's submission of a letter brief and its request to amend the caption. We assume familiarity with the facts and with the issues raised on appeal.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165–66 (2d Cir.2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When, as here, a litigant is proceeding *pro se*, we construe that litigant's appellate briefs and other pleadings liberally and read such submissions to raise the strongest arguments they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994). The rule favoring liberal construction of *pro se* submissions is especially applicable to civil rights claims. *See Weixel v. Bd. of Ed.*, 287 F.3d 138, 146 (2d Cir.2002).

Viewing the evidence in the light most favorable to Barcus, as the district court and we are required to, we conclude that, for substantially the reasons set forth in the district court's memorandum and order, summary judgment was properly granted to ACS. A review of the record discloses that Barcus did not offer evidence to substantiate her claims that (1) her demotion and salary reduction were motivated by racial animus or discrimination; (2) there was an agency-wide pattern and practice of discrimination; or (3) she was the victim of disparate treatment of African–Americans within ACS. As for Barcus's retaliation claim, we agree with the district court that "[t]here is not enough evidence in the record to indicate that Barcus clearly told ACS management about her concerns regarding racial discrimination or that those who took the adverse [actions] against her were aware of her complaints."

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED and Barcus' pending motions are DENIED as moot.